UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT LEON RHINEHART, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00914-JPH-MJD |
| | ) |
| CASCADE CAPITAL FUNDING, LLC, | ) |
| CASCADE CAPITAL, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON JURISDICTION**

Plaintiff, Robert Leon Rhinehart, IV, has moved for partial summary judgment on his Fair Credit Reporting Act claims. Dkt. 86. He notes that he "suffered anxiety" and "felt that his right to privacy" was "violated" because Defendants used or obtained his Trans Union consumer report. Dkt. 87 at 5.

"Article III of the Constitution limits the "judicial Power of the United States" to "Cases" and "Controversies." *Pennell v. Global Trust Mgmt.*, --- F.3d ----, 2021 WL 925494 at *2 (7th Cir. Mar. 11, 2021). "From this text comes the standing doctrine, which 'confines the federal courts to a properly judicial role' and 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). Standing requires "an injury in fact that is fairly traceable to the defendant's conduct and redressable by a favorable judicial decision." *Id.* Because standing is jurisdictional, it is "open to review at all stages of the litigation." *Id.*

The Seventh Circuit recently held, in the Fair Debt Collection Practices Act context, that "stress and confusion" "with no physical manifestations and no qualified medical diagnosis" do not support an injury sufficient to confer standing. *Id.* at *3. And an alleged invasion of privacy does not support standing when it is not alleged in the operative complaint. *See id.*

For the reasons above, the Court **ORDERS** briefing on whether Mr. Rhinehart has standing. Mr. Rhinehart **SHALL FILE** an opening brief, not to exceed eight pages, **by April 16, 2021**. Defendants **SHALL RESPOND by April 30, 2021**, not to exceed twelve pages. Any reply **SHALL BE FILED by May 7, 2021**, not to exceed four pages. This order does not affect Plaintiff's motion for partial summary judgment, dkt. 86, or the associated briefing.

**SO ORDERED.**

Date: 3/19/2021

                                              *James Patrick Hanlon*

                                              James Patrick Hanlon
                                              United States District Judge
                                              Southern District of Indiana

Distribution:

Nicholas Ward Levi
KIGHTLINGER & GRAY, LLP (Indianapolis)
nlevi@k-glaw.com

Samuel E. Miller
STECKLEIN & RAPP, CHARTERED
sm@kcconsumerlawyer.com

Michael H. Rapp
STECKLEIN & RAPP CHARTERED
mr@kcconsumerlawyer.com

Matthew S. Robertson
STECKLEIN & RAPP CHARTERED
msr@kcconsumerlawyer.com

Alan J. Stecklein
STECKLEIN & RAPP CHARTERED
aj@kcconsumerlawyer.com

John Thomas Steinkamp
JOHN STEINKAMP & ASSOCIATES
John@johnsteinkampandassociates.com

Kyle Blake Wong
KIGHTLINGER & GRAY, LLP (Indianapolis)
kwong@k-glaw.com